MENOMINEE BAY SHORE LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24400. Promulgated December 12, 1929.

*E. F. Colladay, Esq., M. D. Hanley, Esq.*, and *Wilton H. Wallace, Esq.*, for the petitioner.

*E. C. Lake, Esq.*, for the respondent.

500

502

OPINION.

ARUNDELL: It is plain at the outset that affiliation does not exist in this case through direct ownership of petitioner's stock by the Soper interests, owning as they did but 66.8 per cent. *Goldstein Bros. Amusement Co.*, 3 B. T. A 408; 33 Fed. (2d) 787; *Park Bros. & Rogers, Inc.*, 6 B. T. A. 719.

The question then is whether the remaining 33.2 per cent, owned by others than the Sopers, was controlled through closely affiliated interests. The fact that the stock held by the minority interests was to be first offered to the Sopers before being transferred to others does not give the Sopers the control contemplated by the taxing statute. *Goldstein Bros. Amusement Co.*, supra; *Sutherland Mfg. Co.*, 3 B. T. A. 1224. We fail to see wherein it can be said that the eight owners of the 33.2 per cent minority constitute interests closely affiliated with the Soper Lumber Co. None of these eight owned any stock in the Soper Co. Four of them, namely, Rogers, McGraw, M. J. Quinlan, and John V. Quinlan, were employees of petitioner, and although the petitioner and the Soper Co. were very closely associated in a business way, and though the Sopers had a hand in determining petitioner's policies and to some extent supervised its operations, still these men were primarily employees of the petitioner. The other four stockholders, one a former employee of petitioner, and the others daughters of M. J. Quinlan, are still a further step removed from being closely affiliated with the petitioner. The statute, section 240 of the Revenue Act of 1918, provides that affiliation exists where one corporation "owns directly or controls through closely affiliated interests * * * substantially all the stock of the other * * *." While the evidence is clear that the minority never opposed or voted against the Soper proposals, there is lacking any evidence that the Soper Co. controlled through the minority the stockholdings of the latter. And so, even though it could be said that the minority holders were closely affiliated interests, the requirement of the statute has not been met. See *Montana Mercantile Co.* v. *Rasmusson*, 28 Fed. (2d) 916; *Commissioner* v. *Adolph Hirsh & Co.*, 30 Fed. (2d) 645; *Parks Bros. & Rogers, Inc.*, supra.

We do not have in this proceeding the economic unity that in some instances has been an aid in determining corporations to be affiliated. *John Robinson Shows Co.*, 12 B. T. A. 806; *Metasap Chemical Co.*, 12 B. T. A. 1402. The petitioner was free to sell its product to others than the Soper Lumber Co. and in the taxable year it did sell more than half its output to outsiders. The Soper Lumber Co. did not confine its purchases to the petitioner, but dealt with whom it saw fit. When the Soper Lumber Co. advanced money to the petitioner the latter received no preferred treatment, but was charged with interest at bank rates. In our opinion the two companies were not affiliated in 1920.

Reviewed by the Board.

*Judgment will be entered for the respondent.*